```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KEYSTONE GLOBAL LLC,                     :
                 Plaintiff,              :
                                         :
          -v-                            :   12 Civ. 9077 (DLC)
                                         :
DÉCOR ESSENTIALS LTD. d/b/a BUMPER       :   MEMORANDUM OPINION
ADVERTISEMENT; and CHARIOT               :       AND ORDER
INTERNATIONAL, INC. d/b/a BUMPER         :
BADGER,                                  :
                 Defendants.             :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Keystone Global LLC:

Jeffrey Sonnabend
SonnabendLaw
600 Prospect Avenue
Brooklyn, New York 11215

For defendant Chariot International, Inc.:

Kenneth F. Florek
Florek & Endres PLLC
1156 Avenue of the Americas
New York, New York 10036

DENISE COTE, District Judge:

　　Before the Court is plaintiff Keystone Global LLC's ("Keystone") August 20, 2013, motion to strike affirmative defenses under Rule 12(f) and counterclaims under Rule 12(b)(6), Fed. R. Civ. P., contained in the Amended Answer of defendant Chariot International, Inc. d/b/a Bumper Badger ("Chariot"). For the following reasons, the motion is denied.

BACKGROUND

This case concerns the alleged infringement of United States Patents No. 7,866,715 and 8,047,601 (collectively, the "Patents"), which cover devices designed to protect the rear bumper of a car from minor bumps and scrapes.  A default was entered against Chariot, one of seven defendants in this action, on April 19, 2013.  A stipulation of June 6 vacated the default, and Chariot filed an answer on June 11.  On June 13, Keystone filed a motion to dismiss and strike certain affirmative defenses and counterclaims contained in Chariot's answer.  Chariot's July 1 opposition included a request for leave to amend its answer, and an Order of July 31 gave Chariot leave to amend.  Chariot filed its amended answer on August 9.  Keystone then renewed its motion to dismiss and strike.

DISCUSSION

I. Counterclaims

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Id. at 679 (citation omitted). When considering a motion to dismiss, a trial court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009). A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Claims of inequitable conduct before the Patent and Trademark Office ("PTO") sound in fraud and must satisfy the heightened pleading requirements of Rule 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." Id. at 1326-27. The Federal Circuit has thus required a party alleging inequitable conduct on the basis that an applicant failed to disclose prior art to "identify the specific prior art that was allegedly known to the applicant and not disclosed." Id. at 1327. In sum, "Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id.

Chariot's pleading is not a model of draftsmanship. It purports to contain eight affirmative defenses and three counterclaims. The affirmative defenses include, in essence, allegations that the patents in suit are not infringed, that they are invalid as anticipated, and invalid as obvious. Chariot's first and second counterclaims seek, respectively, declaratory judgments of non-infringement and invalidity. Its third counterclaim, styled "unenforceability," alleges inequitable conduct before the PTO.

The factual allegations supporting Chariot's inequitable conduct counterclaim can be stated briefly. Chariot alleges that it sold products that contained features claimed in the Patents more than a year before they were filed. Chariot also alleges that before the Patents were filed, one of the applicants for the Patents used a false name to purchase Chariot's product, a product that contained the feature in question. Finally, Chariot alleges that its product was not disclosed to the PTO during the prosecution of the Patents.

Chariot's amended answer contains sufficient factual matter to survive Keystone's motion to dismiss. In particular, Chariot specifies the piece of prior art the applicants are alleged to have failed to disclose to the PTO and, in alleging that one of the applicants purchased the prior art using a pseudonym,

4

suggests that the failure to disclose was willful.  Keystone argues that only a later version of Chariot's product contains the features claimed in the Patents, and that this version did not predate the Patents.  Nonetheless, the Court must accept Chariot's factual allegations as true in considering Keystone's motion to dismiss.  <u>LaFaro</u>, 570 F.3d at 475.  Those factual allegations, while sparse, are sufficient to raise an inference of scienter.  <u>See</u> <u>Delano Farms Co. v. Ca. Table Grape Comm'n</u>, 655 F.3d 1337, 1350 (Fed. Cir. 2011).

II.  Affirmative Defenses

Rule 12(f), Fed. R. Civ. P., allows a court to "strike from a pleading an insufficient defense."  "A motion to strike an affirmative defense . . . for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  <u>William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.</u>, 744 F.2d 935, 939 (2d Cir. 1984) (citation omitted), <u>vacated on other grounds</u>, 478 U.S. 1015 (1986).  "[E]ven when the facts are not disputed . . . a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law."  <u>Id</u>. (citation omitted).

Keystone's motion to strike does not meet this standard and

5

is denied.  Chariot's affirmative defenses, while not artfully pled, raise core issues in patent litigation.  If by this motion Keystone means to preclude Chariot from arguing at any point in this litigation that Keystone's Patents are invalid, or not infringed, then its motion is not appropriate.

CONCLUSION

Keystone's August 20 motion to dismiss and strike is denied.


SO ORDERED:

Dated:    New York, New York
          March 6, 2014

_____
DENISE COTE
United States District Judge