```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
KEYSTONE GLOBAL LLC,                   :
                Plaintiff,             :
                                       :
        -v-                            :    12cv9077 (DLC)
                                       :
AUTO ESSENTIALS, INC.; DÉCOR           :    OPINION AND ORDER
ESSENTIALS LTD. d/b/a BUMPER           :    ACCEPTING REPORT
ADVERTISEMENT; BUMPER BUSTER INC.      :    AND RECOMMENDATION
d/b/a BUMPER BUSTERS; CHARIOT          :
INTERNATIONAL, INC. d/b/a BUMPER       :
BADGER; KESEM LLC d/b/a                :
BUMPERSECURITY; R.R. LALENA CORP.; and :
WHEELS TO LEASE,                       :
                Defendants.            :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

Before the Court is a Report and Recommendation ("Report") from the Hon. Gabriel Gorenstein dated October 1, 2014, recommending that Keystone Global LLC ("Keystone Global") be awarded a judgment of $124,080 -- $41,360 in damages, trebled pursuant to 35 U.S.C. § 284 -- against Décor Essentials Ltd. ("Décor Essentials"). Keystone Global LLC v. Auto Essentials Inc., No. 12cv9077 (DLC) (GWG), 2014 WL 4897104, at *4-5 (S.D.N.Y. Oct. 1, 2014). No objections have been made to the Report. For the following reasons, the Report is adopted.

BACKGROUND

Keystone Global is a New York limited liability company

that owns U.S. Patent Nos. 7,886,715 and 8,047,601 (the "Patents-In-Suit"), both of which cover devices designed to protect the rear bumper of a car from minor bumps and scrapes. Décor Essentials is a New York corporation that, doing business as "BumperAdvertisement," sold on its website a product called a "Bumper Shield." Twice -- on October 25, 2012 and November 7, 2012 -- Keystone Global notified Décor Essentials that the "Bumper Shield" infringed its Patents-In-Suit and demanded that Décor Essentials cease and desist sales of that product. Despite this fair warning, Décor Essentials continued to sell "Bumper Shields."

On December 13, 2012, Keystone Global filed suit against the defendants in this action, alleging infringement of its Patents-In-Suit under 35 U.S.C. § 271. Décor Essentials was duly served on December 24, 2012, but never answered the complaint. Accordingly, on April 19, 2013, this Court entered default against Décor Essentials, permanently enjoining it from further infringement of the Patents-In-Suit and awarding damages in an amount to be determined by inquest. The determination of damages was referred to Magistrate Judge Gorenstein on March 6, 2014, and Keystone Global was subsequently directed to file findings of fact and conclusions of law, along with supporting documentation, to support its request. Décor Essentials was

given an opportunity to oppose that request; it did not.

On October 1, Magistrate Judge Gorenstein issued the Report adopted here.  The Report recommends that Keystone Global be awarded the $41,360 in damages it requests -- trebled to $124,080 pursuant to 35 U.S.C. § 284 -- but that it not be awarded a requested $2,500 in attorneys' fees because of a lack of adequate documentation.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the parties had fourteen days from service of the Report to file any objections.  Neither party objected.

## DISCUSSION

When considering a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  If timely objection is made to any of the magistrate judge's findings or recommendations, district courts must make those determinations de novo.  Id.  "To accept . . . a report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Alexis v. Griffin, No. 11cv5010 (DLC), 2014 WL 5324320, at *3 (S.D.N.Y. Oct. 20, 2014).  As no objection was made to

Magistrate Judge Gorenstein's Report, it is reviewed for "clear error."

Magistrate Judge Gorenstein's Report evinces no "clear error."  In evaluating Keystone Global's request for monetary relief, the Report correctly applies controlling law and properly concludes that Keystone Global's damages calculation is reasonable.  Nor is there error in the Report's conclusion that damages should be trebled pursuant to 35 U.S.C. § 284.  As the Report lucidly explains, Décor Essentials demonstrated the willfulness of its infringement by a pattern of actions and inactions -- chief among them its failure even to answer Keystone Global's complaint, and its resulting default.

Finally, there is no error in the Report's recommendation that Keystone Global not be awarded attorney's fees.  While Keystone Global would be entitled to reasonable attorney's fees, Magistrate Judge Gorenstein correctly concluded that counsel did not provide the supporting documentation required in this Circuit.  See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.").

CONCLUSION

The October 1, 2014 Report is adopted. The Clerk of Court shall enter judgment against Décor Essentials for $124,080 in favor of Keystone Global. Appellate review of this decision is unavailable because neither party filed written objections to the Magistrate Judge's Report. See <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED:

Dated:   New York, New York
         January 16, 2015

_____
DENISE COTE
United States District Judge